NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

AUG 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENE SEVERIANO-BADILLO, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No.   19-73115 Agency No. A094-951-130 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 12, 2021[**]
Seattle, Washington

Before:  BEA, BRESS, and VANDYKE, Circuit Judges.

Rene Severiano-Badillo, a native and citizen of Mexico, illegally entered the

United States and was ordered removed in 2011.  He reentered illegally and was

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

apprehended and ordered removed again by reinstatement of his 2011 removal order. He now appeals the constitutionality of the Department of Homeland Security's ("DHS") removal process.

We review constitutional questions de novo. *See Garcia de Rincon v. DHS*, 539 F.3d 1133, 1137–38 (9th Cir. 2008). We deny his petition for review and his accompanying motion to stay removal.

Severiano-Badillo contends that the Fifth and Eighth Amendments require DHS to consider whether reinstatement is proportionate to his crime of illegally entering the United States. "Deportation is strictly a Congressional policy question in which the judiciary will not intervene as long as procedural due process requirements have been met." *LeTourneur v. INS*, 538 F.2d 1368, 1370 (9th Cir. 1976). Severiano-Badillo does not assert that he did not receive notice that his 2011 removal order would be reinstated, or that he did not have a fair and reasonable hearing. "This [C]ourt has also held that deportation is not cruel and unusual punishment under the Eighth Amendment even though the penalty may be severe." *Id.* Thus, neither the Fifth nor Eighth Amendment requires DHS to consider whether reinstatement is proportionate.

Severiano-Badillo also argues that the DHS's policy of removing aliens under 8 U.S.C. § 1231(a)(5), the Immigration and Nationality Act's ("INA")

2

reinstatement provision, was arbitrary and capricious in this case, because it does not permit the Immigration Judge to review the DHS's reinstatement order. This Court has held that 8 C.F.R. § 241.8—the regulation implementing 8 U.S.C. § 1231(a)(5)—is a "valid interpretation of the INA." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007) (en banc). Reinstatement "can be performed like any other ministerial enforcement action." *Id.* at 491. Therefore, delegating that reinstatement inquiry to the DHS, rather than to the Immigration Judge, was not arbitrary and capricious. *See id.* at 495.

Additionally, 8 C.F.R § 241.8 provides "significant procedural safeguards" for reinstatement decisions. *Morales-Izquierdo*, 486 F.3d at 495. Severiano-Badillo does not argue that DHS failed to satisfy these procedural safeguards. Accordingly, the reinstatement process in this case was not arbitrary and capricious.

For these reasons, Severiano-Badillo's petition for review and his accompanying motion to stay removal are **DENIED**.